**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ALBERT L. HORNEY, SR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.  CIV-12-1323-D** |
| | ) | |
| **OKLA DEPT OF CORRECTIONS, et al,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has brought this action seeking a writ of habeas corpus under 28 U.S.C. § 2254.  Pursuant to an order of United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the petition has been examined. For the reasons stated herein, it is recommended that the Petition be **DISMISSED** on filing for Petitioner's failure to exhaust his available state court remedies.

## BACKGROUND

By this action, Petitioner challenges his convictions pursuant to a plea of guilty to one count of rape by instrumentation and two counts of lewd molestation. Petition, 1.

Case No. CF-2011-54, District Court of Garfield County (Dec. 7, 2011).[1]   Petitioner

alleges he received a ten-year sentence of imprisonment, with five years suspended.

Petition, 1. Petitioner states that he did not appeal from the judgment of conviction. [2]

Petition, 2.  Petitioner seeks habeas relief on four grounds.  In Ground One he claims

that his defense attorney was prejudiced and would not represent him fairly or call

witnesses pertinent to his defense.  Petition, 6.  In Ground Two, Petitioner claims that

his request that the trial be moved from Garfield County was denied. Petition, 7.   In

Ground Three, he claims that he was denied his request for the subpoena of witnesses

and for the administration of a rape kit. Petition, 9.  Finally, in Ground Four, Petitioner

alleges that he was not allowed to subpoena a fellow jail inmate who admitted that he

had raped Petitioner's daughter's best friend. Petition, 11.


## ANALYSIS

"A state prisoner seeking federal habeas relief must first exhaust available state

court remedies by raising the substance of his or her claims in state court and invoking

---

[1] Petitioner lists his date of conviction as "Dec. 5, 2011?".  Petition, 1. However, the criminal case docket shows a date of December 7, 2011.  Oklahoma State Courts Network, Docket No.  CF-2011-54, p. 2, Garfield County.    http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=cf-2011-54&db=Garfield&submitted=true (accessed Jan. 4, 2013).

[2]The docket sheet for the criminal case referenced in this action shows that Petitioner wrote a letter to the district court six days after his conviction; the docket sheet contains an entry two days later in which Petitioner (represented by counsel) was asked in open court whether his letter was intended to be a motion to withdraw his guilty plea.  He replied that he was not asking to withdraw his guilty plea. Oklahoma State Courts Network, Doc. No. CF-2011-54, p. 9, District Court of Garfield County. http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=cf-2011-54&db=Garfield&submitted=true (accessed Jan. 4, 2013).

one complete round of the state's appellate review process, including discretionary review." *Weatherhall v. Sloan*, 630 F.3d 987, 989 (10th Cir. 2011) (citing 28 U.S.C. § 2254(b)); 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982) (mixed habeas petitions—containing both exhausted and unexhausted claims—may not be entertained in a federal habeas proceeding). The Petition filed herein clearly shows that Petitioner has not exhausted state court remedies with regard to any of his grounds for federal habeas relief, as is required before his claims may be heard in this Court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized that the interplay between § 2254's total exhaustion requirement and the AEDPA limitations period could result in difficulty for prisoners who bring "mixed" petitions, especially when they are proceeding pro se. The Supreme Court therefore modified the rule set forth in *Rose v. Lundy*, 455 U.S. 509 (1982) governing "mixed petitions":

> Fourteen years before Congress enacted AEDPA, we held that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims. We reasoned that the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims. We noted that "[b]ecause 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity." That doctrine "'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'"

> Accordingly, we imposed a requirement of "total exhaustion" and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance. When we decided *Lundy*, there was no statute of limitations on the filing of federal habeas corpus petitions. As a result, petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease.

*Id.* at 274 (citations and internal quotations omitted).

To address the possible limitations problem presented by the dismissal of a *mixed* petition, the Supreme Court concluded that a district court may grant a stay to a habeas petitioner and hold the case in abeyance while the petitioner exhausts state court remedies, provided that the stay is "compatible with AEDPA's purposes." *Id.*

To be entitled to such a stay, however, the petitioner must demonstrate: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are potentially meritorious; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. 544 U.S. at 277.

Here, Petitioner has not filed a mixed petition, but rather a petition containing entirely unexhausted claims. The Tenth Circuit has not yet decided "whether the procedure in *Rhines* applies to totally unexhausted petitions." *United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. Aug. 11, 2006) (unpublished op.). "Traditionally, when [as here] a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice." *Id.* "[S]tay and abeyance of totally unexhausted

4

petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first." *Id.* (citing *Rhines*, 544 U.S. at 277). In *Hickman*, the Tenth Circuit concluded that the district court's refusal to stay a petition containing only unexhausted claims did not constitute an abuse of discretion. *Id.*

Although it is possible that once Petitioner's state remedies are exhausted, the AEDPA limitations period may pose an impediment to any future requests for federal habeas relief, the undersigned nonetheless recommends dismissal of this action without prejudice. After considering the policy underpinnings of *Rhines*, the fact that the Court is not presented with a "mixed petition," and that Petitioner's stated reasons for his failure to exhaust his state court remedies are undermined by his apparent ability to pursue his remedies in this action, the undersigned finds no reason to extend a stay rather than to dismiss the petition without prejudice.

## RECOMMENDATION

In light of the foregoing, it is recommended that the Petition be **DISMISSED** without prejudice for Petitioner's failure to exhaust his state court remedies for any of the claims contained therein. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by **January 31, 2013**. Fed.R.Civ.P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656

(10th Cir.1991). This Report and Recommendation terminates all matters referred to the undersigned in the above captioned case.

**DATED** January 10, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE